IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

      v.                                                    Case No. 2:21-cr-143

Jacky Foster


<u>Opinion and Order</u>

Defendant pleaded guilty to one count of Conspiracy to Possess With Intent to Distribute 400 Grams or More of Fentanyl and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and 846. In December 2021, the Court sentenced defendant to a period of 96 months imprisonment and 5 years of supervised release. Defendant is presently incarcerated at the Federal Correctional Institution in Hazelton, West Virginia.

This matter is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Defendant argues that he should be considered for compassionate release because prison staff have been indifferent to his medical needs.

## I.    Standards for Compassionate Release

A court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. *See United States v. Jones*, 980 F.3d 1109, 1111 (6th Cir. 2020). The court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). If, after weighing the § 3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment." *Id.* The grant of compassionate release is at the discretion of the court. *United States v. Kincaid*, 802 Fed. App'x 187, 188 (6th Cir. 2020).

Courts have held in limited circumstances that a showing of deliberate indifference to a serious medical need may constitute extraordinary and compelling circumstances for compassionate release. *See, e.g., United States v. Eng.*, No. 2:19-cr-20164, 2022 WL 17853361, at *5–6 (E.D. Mich.

Dec. 22, 2022) (citing cases). The availability of relief under § 1983 for a violation of the Eighth Amendment is not a bar to the grant of compassionate relief. *Id. See also United States v. D'Angelo*, No. 2:13-CR-00114-NT, 2022 WL 10066359, at *5 (D. Me. Oct. 17, 2022) ("[C]ourts considering challenges to BOP medical treatment in the compassionate release context have limited their inquiry to whether the treatment is inadequate or the BOP is indifferent to the defendant's serious medical issues.").

## II. Medical Conditions

Defendant, who is 41 years old, states that he has the following medical conditions: Type 2 diabetes, blood clots, hypertension, and high cholesterol. He also states that he suffers from depression and sleep apnea. The Presentence Investigation Report filed in preparation for sentencing generally supports defendant's statement of his physical and mental health conditions. *See* PSI ¶¶ 60–63.

The motion asserts that defendant is receiving inadequate medical care, and it directs the Court to review about 26 pages of documents attached to the motion.[1] The documents represent medical treatment records and other medical-related records kept by FCI Hazelton, such as a medication administration chart and a listing of defendant's health conditions.

Certain of the documents show that defendant suffers from deep vein thrombosis, which led to a pulmonary embolism. Doc. 48 at PAGEID 202–204. The pulmonary embolism occurred in September 2021, when defendant was incarcerated while awaiting sentencing in this case. Staff at FCI Hazelton arranged for defendant to be transported to the emergency room at a local hospital. *Id.* He was admitted to the hospital for about four days. *Id.* at PAGEID 203. Though defendant does not make any particular complaint about the matter, it appears that he included the documents relating to his pulmonary embolism to emphasize the seriousness of his diabetes. *See id..* at PAGEID 188 (stating that his diabetes caused the deep vein thrombosis).

---

[1] The substance of defendant's motion is one paragraph long and contains a listing of defendant's physical and mental health conditions, along with a listing of the medications he takes. *See* Doc. 48 at PAGEID 188. It also asserts that the medical care at FCI Hazelton "is inadequate." *Id.*

2

Other of the documents relate to discrete concerns or complaints which are reflected in either the original text of the record or by later annotations which defendant has made to the record for purposes of the present motion. Some of defendant's complaints relate to what he considers to be inaccurate or "altered" records. For instance, certain documents show that defendant developed diabetic foot ulcers. Defendant received initial treatment at FCI Hazelton and further care at a nearby medical center. *See id.*. at PAGEID 205, 206, 218, 219. Defendant states that one of the records is "altered" because the provider stated that he had "foot pain." *See id.*. at PAGEID 218. Defendant argues that a diabetic foot ulcer is "not foot pain." *Id.*

Upon reviewing the documents, the Court finds that the alleged instances of inaccurate records do not, when viewed individually or in their totality, constitute an extraordinary and compelling reason for compassionate release. Defendant has not established that prison officials are being deliberately indifferent to his medical needs. Rather, defendant appears to have minor disagreements with the prison's record-keeping. The Court notes that while one document did in fact refer to "foot pain," the same document also referred to the fact the defendant had been sent to the hospital, and the hospital's record plainly indicated that the visit was for diabetic foot ulcers. *See id.*. at PAGEID 218, 219. In other instances of alleged inaccurate record-keeping, defendant disputes whether he missed a podiatrist visit and whether he was a no-show for a prescription call. The Court finds that these disputes do not rise to the level of extraordinary and compelling reasons for compassionate release.

Regarding other documents, defendant voices his displeasure over how long it took for care to take place or for medical equipment to be provided. For instance, defendant was upset that batteries for a CPAP machine (prescribed for his sleep apnea) were on backorder. *See id.*. at PAGEID 212. He was displeased that he had to wait to receive care for his feet. *See id.*. at PAGEID 205 (indicating that visits were spaced out by two weeks). Again, whether these instances are viewed separately or together with his other complaints, they do not establish extraordinary and compelling reasons for compassionate release. Although care may not have taken place on the terms defendant would have preferred, the documents show that defendant did receive care, and there is no basis for the Court to conclude that prison officials acted with deliberate indifference to

3

defendant's needs. *See id.* at 224 (showing that, in addition to other treatment provided for the foot ulcers, defendant was provided with a wheelchair for an extended period).

Finally, certain documents relate to medications that defendant was taking. For instance, an insulin medication that defendant took was, in defendant's words, "discontinued." *See id.* at PAGEID 188. He reported to prison staff that the new medication was not working as well as the former one. *See id.* at PAGEID 201. In another instance, defendant was displeased with confusion over how to get a refill on his prescription for depression. *See id.* at PAGEID 208. In neither instance has defendant shown that he has been deprived of appropriate medication. Though defendant may have been unhappy with how staff handled the matters, he has not shown that staff have failed to provide him with medication to treat his conditions. *See id.* at PAGEID 190 (indicating the defendant is receiving twice-a-day insulin shots and another medication to treat his diabetes).

In sum, the Court finds that defendant has not demonstrated extraordinary and compelling reasons for compassionate release. *See United States v. Poole*, 472 F.Supp.3d 450, 453–54 (W.D. Tenn. 2020) ("The compassionate release provisions were intended to be a safety valve to reduce a sentence in the unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.") (cleaned up).

## III.    Section 3553(a) Factors

The Court must also address the applicable § 3553(a) factors. The Court finds that in the 17 months which have passed since defendant was sentenced, the balancing of the § 3553(a) factors has not changed. Specifically regarding the characteristics of defendant, the PSI detailed the fact that defendant was diagnosed with diabetes, hypertension, high cholesterol and depression many years before. *See* PSI, ¶¶ 60, 63. It also reported the seriousness of his diabetes. *See id.*, ¶ 61 (noting a diabetic coma in 2019). The Court expressly included defendant's physical and mental health conditions as a consideration when it gave defendant a below-the-guideline-range sentence. *See* Doc. 43 at PAGEID 166.

**IV.     Conclusion**

Accordingly, defendant's motion for compassionate release (Doc. 48) is DENIED.


Date: April 19, 2023                                    s/ James L. Graham
                                                       James L. Graham
                                                       United States District Judge